# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE No. 18-cv-80452-BLOOM/Reinhart

MT. HAWLEY INSURANCE COMPANY,

      Plaintiff,

vs.

MAITLAND CENTER, LLC, *et. al.*,

      Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants'[1] Motion to Dismiss or, in the alternative, Motion to Stay Plaintiff Mt. Hawley Insurance Company's Action, ECF No. [56] ("Motion"). The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied**.**

### I.     BACKGROUND

Plaintiff, Mt. Hawley Insurance Company ("Plaintiff"), filed an Amended Complaint for Declaratory Relief against Defendants to determine whether there is insurance coverage for certain alleged construction defects and deficiencies in a conversion of apartments to condominiums. *See* ECF No. [7] at ¶ 1. Specifically, Plaintiff issued commercial general liability insurance policies to Defendants Maitland Center & Visconti East, A Condominium

---

[1] The Defendants seeking dismissal consist of Maitland Center, LLC, The Bainbridge Companies, LLC, Bainbridge Development Group, LLC, The Bainbridge Management Group, LLC, Bainbridge Communities Management, LLC, Bainbridge Communities Acquisition Corp. II, First Bainbridge Conversion, LLC, Bainbridge Maitland Conversion, LLC, Bainbridge Group, Inc., Bainbridge Builders, LLC Bainbridge Construction, LLC and Bainbridge Construction Maitland, LLC. *See* ECF No. [56].

Association, as well as to Visconti West Condominium Association, Inc. and an excess liability insurance policy to Brainbridge Construction. *Id.* at ¶¶ 21-24. All of these policies are at issue in this litigation. *Id.* According to the Amended Complaint, Defendants have been sued in two lawsuits that are currently pending in Florida state court, Case No. 2015-CA-001481-O and Case No. 2015-CA-001484-O (collectively the "Underlying Lawsuits") *Id.* at ¶¶ 39, 40.

In Count I of the Amended Complaint, Plaintiff seeks to enforce a coverage exclusion pertaining to "products-completed operations hazard" for buildings converted into condominiums or co-operatives prior to, during, or after the policy period. *Id.* at ¶¶ 79-86. Count II seeks a declaration that the "Bainbridge Entities" do not qualify as an insured under the commercial general liability policies. *Id.* at ¶¶ 87-92. Similarly, Count III seeks a declaration that Maitland Center does not qualify as an insured under the 2007-2008 policy issued to Visconti West while Count IV seeks a declaration that neither Maitland Center nor the "Bainbridge Entities" qualify as insureds under the excess liability policy. *Id.* at ¶¶ 93-101. In other counts, Plaintiff seeks to enforce other coverage exclusions under the insurance policies, such as the continuous or progressive injury and damage exclusion (Count V), breach of contract exclusion (Count VI), and the damage to property or damage to your work exclusion (Count VII). *Id.* at ¶¶ 99-118. Finally, in Count VIII, Plaintiff alleges that Defendants failed to comply with the conditions of the "Tenants and Contractors – Conditions of Coverage Endorsements." *Id.* at ¶¶ 119-123. In each of these counts, Plaintiff seeks a declaration that it does not have a duty to defend or a duty to indemnify Defendants for the claims asserted against them in the Underlying Lawsuits. *See generally* ECF No. [1].

In the Motion, Defendants seek dismissal of the Amended Complaint because the Underlying Lawsuits are still ongoing in state court. *See* ECF No. [56]. They contend that there

can be no actual case or controversy, and consequently no standing, until the underlying proceedings are concluded. *Id.* For that reason, they ask the Court to dismiss each count in the Amended Complaint as it pertains to the issue of indemnity. *Id.* Alternatively, Defendants ask the Court to stay all issues regarding indemnity until such time as all factual matters are resolved in the underlying proceedings. *Id.* Plaintiff timely filed its Response in opposition. *See* ECF No. [57].

## II.   LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty.*

*Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III. DISCUSSION

In their Motion, Defendants seek dismissal or a stay of Plaintiff's claims for declaratory relief regarding the duty to indemnify. Defendants acknowledge that Plaintiff may seek a declaration as to its duty to defend at this juncture. *See* ECF No. [56] at 12 ("At best, only the issue of Mt. Hawley's duty to defend should proceed, as a determination of Mt. Hawley's defense obligation is confined to an 'eight corners' review of the Underlying Action Complaints and the Policies"). Thus, the Court will only address whether Plaintiff's claims involving the duty to indemnify are subject to dismissal or a stay.

"An insurer's duty to indemnify is narrower than its duty to defend and must be determined by analyzing the policy coverages in light of the actual facts in the underlying case." *Sinni v. Scottsdale Ins. Co.*, 676 F. Supp. 2d 1319, 1323 (M.D. Fla. 2010) (citing *State Farm Fire & Cas. Co. v. CTC Dev. Corp.*, 720 So. 2d 1072, 1077 n. 3 (Fla. 1998) and *Hagen v. Aetna Cas.*

& *Sur. Co.*, 675 So. 2d 963, 965 (Fla. 5th DCA 1996)). "The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims by some other means." *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) (citing *Travelers Ins. Co. v. Waltham Indus. Lab. Corp.*, 883 F.2d 1092, 1099 (1st Cir. 1989)). If the insured can show that it did not suffer a covered loss, then there is no duty to indemnify. *Id.* "Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." *Id.* (citing *Bankwest v. Fid. & Deposit Co. of Md.*, 63 F.3d 974, 981-82 (10th Cir. 1995)).

There is, however, one exception to this general rule: "if the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify" then the court can assess the duty prior to the conclusion of the underlying lawsuit. *Id.; see also IDC Construc., LLC v. Admiral Ins. Co.*, 339 F. Supp. 2d 1342, 1351 (S.D. Fla. 2004) (same). Put another way, "'a court's determination that the insurer has no duty to defend ***requires*** a finding that there is no duty to indemnify.'" *Mt. Hawley Ins. Co. v. Miami River Pt. Terminal, LLC*, 228 F. Supp. 3d 1313, 1326 (S.D. Fla. 2017) (emphasis in original) (quoting *Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011)). *See also David R. Farbstein, P.A. v. Wesport Ins. Corp.*, 16-CV-62361, 2017 WL 3425327, at \*9 (S.D. Fla. Aug. 9, 2017) (concluding that the insurer did not owe the insured a duty to indemnify even though the underlying proceedings were still ongoing pursuant to "Florida's well-settled principle that there cannot be a duty to indemnify without a duty to defend").

Consistent with these principles, several decisions within this district have concluded that when a party seeks a declaration as to its duty to defend and duty to indemnify, the Court can

assert jurisdiction and decide the duty to defend. However, it cannot consider the duty to indemnify until the earlier of the final disposition of the underlying case or a ruling on the duty to defend. *See Safeco Ins. Co. of Am. v. Weissman*, CV 17-62032-CIV, 2018 WL 816827, at *1 (S.D. Fla. Feb. 9, 2018) ("[T]he Court will not consider the duty-to-indemnify issue until the earlier of (a) final disposition of the underlying state-court action; or (b) a ruling on the duty to defend, at which time the Court will entertain any motion that the parties may wish to file concerning the duty to indemnify claims."); *Atain Specialty Ins. Co. v. Kenneth Russell Roof Contracting, LLC*, CV 16-23627-CIV, 2017 WL 2363013, at *2 (S.D. Fla. May 30, 2017) (same); *Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1349 (S.D. Fla. 2008) ("In light of the ongoing Underlying Liability Action, this Court will retain jurisdiction over the duty to defend and indemnification issues. However, until the Underlying Liability Action is resolved, this court will only address Bituminous' duty to defend Smithers in the Underlying Liability Action.").[2] The Court finds this line of cases persuasive.

In support of dismissal or a stay, Defendants refer the Court to several cases in which the insurer had a duty to defend the insured and sought a declaration as to its duty to indemnify while the underlying proceedings were still ongoing. The Court finds these cases distinguishable. For example, in *Mid-Continent Cas. Co. v. Gamma Construc., Inc.*, No. 16-20928-KING, 2016 WL 8813760, at *1 (S.D. Fla. July 6, 2016), the plaintiff was not seeking a declaration as to the duty to defend as it had already agreed to defend the state court action. Because the plaintiff sought only a declaration as to its duty to indemnify and the state court proceedings were still underway, Judge King determined the claim was premature, requiring a

---

[2] The Court recognizes that other opinions within this district have stayed a plaintiff's request for a declaration of its indemnity obligations until a decision is rendered on the duty to defend or until the underlying proceedings conclude. *See Inv'rs Ins. Co. of Am. v. Rothal*, 11-62624-CIV, 2012 WL 13006229, at *3 (S.D. Fla. Mar. 20, 2012); *The Travelers Prop. Cas. Co. of America v. Anda*, No. 12-62392-CIV-ZLOCH (S.D. Fla. June 27, 2013).

stay of the proceedings. *Id.* at *3. *See also Pro Net Glob. Ass'n, Inc. v. U.S. Liab. Ins. Co.*, 3:02-CV-396-J-32TEM, 2004 WL 6062923, at *6 (M.D. Fla. Mar. 8, 2004), *aff'd sub nom. Pro Net Glob. Ass'n v. U.S. Liab. Ins.*, 129 F. App'x. 598 (11th Cir. 2005) (finding that the insurer had a duty to defend the insured in the underlying state court action and dismissing without prejudice the claims for duty to indemnify until the underlying proceedings were concluded).[3]

By contrast, Plaintiff's Amended Complaint seeks both a determination of the duty to defend and the duty to indemnify. Should the Court ultimately determine that Plaintiff has no duty to defend Defendants in the Underlying Lawsuits, such a conclusion will be dispositive of the duty to indemnify. *See Clarendon Nat'l Ins. Co. v. Vickers*, 05-60805-CIV, 2006 WL 8434796, at *3 (S.D. Fla. May 25, 2006) ("It is well-settled law in Florida that where an insurer has no duty to defend, it has no duty to indemnify its insured."). On the other hand, if the Court concludes that Plaintiff owes Defendants a defense, it would be premature to decide the question of indemnity until such time as the Underlying Lawsuits have resulted in a final judgment, settlement, or other final resolution. *See Scottsdale Ins. Co. v. Klub Kutter's Bar & Lounge, LLC*, 17-CV-61321, 2018 WL 1933702, at *6 (S.D. Fla. Apr. 24, 2018) (determining that insurer had a duty to defend the insured and staying the proceedings on the indemnity issue until the underlying case resulted in a final judgment, settlement, or final resolution through some either means.). Therefore, the Court need not dismiss or stay the duty-to-indemnify claim at this juncture. As such, the Court will not consider the duty-to-indemnify issue until the earlier of (a) final disposition of the Underlying Lawsuits or (b) a ruling on the duty to defend.

---

[3] Defendants also refer the Court to *Great Lakes Reinsurance PLC v. Leon*, 480 F. Supp. 2d 1306 (S.D. Fla. 2007) to support the dismissal or stay of this action. In *Leon*, however, the district court stayed the case because there were ongoing state court proceedings that would fully adjudicate the claims and defenses of all parties in interest in the federal case. *Id.* at 1309. Here, there is no indication that the Underlying Lawsuits will adjudicate Plaintiff's claims for declaratory relief sought in this action.

## IV.    CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss or, in the alternative, Motion to Stay Plaintiff Mt. Hawley Insurance Company's Action, **ECF No. [56],** is **DENIED**. Defendants shall file their respective Answers no later than **August 9, 2018**.

**DONE AND ORDERED** in Miami, Florida, this 30th day of July, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record